UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LNV CORPORATION,** : | |
|     Plaintiff, : | |
| vs. : | |
| : | Civil Action No: 3:15-cv-1039-VLB |
| **JOSEPH ROSE,** : | |
| **PATRICIA ROSE,** : | May 2, 2016 |
| **COUNTY REFUSE, INC.,** : | |
| **MIDLAND FUNDING, LLC,** : | |
| **PORTFOLIO RECOVERY ASSOCIATES** : | |
|     Defendants. : | |

### JUDGMENT OF STRICT FORECLOSURE IN FAVOR OF PLAINTIFF LNV CORPORATION

The Plaintiff, LNV Corporation, brought this action by its Complaint dated July 8, 2015, claiming a foreclosure of a mortgage on a certain parcel of land commonly known as 676-678 Grand Street, Bridgeport, Connecticut, and more particularly bounded and described on Schedule 1 attached hereto and made a part hereof, and possession of the premises and other relief.

By Orders of the Court dated October 1, 2015, defaults have been entered against each of the Defendants for their failures to appear.

The Plaintiff's Motion for Judgment of Strict Foreclosure having been considered by the Court, a Judgement of Strict Foreclosure is hereby entered in favor of the Plaintiff as follows.

The Court find that the allegations of the Complaint are true and that the sum of $142.187.47 (inclusive of interest from December 21, 2014, to and including April 29, 2016) plus an attorney's fee of $15,319.00 and costs in the amount of$1,886.04, inclusive of the title fee are due the Plaintiff on the debt

therein mentioned, and the Plaintiff, as additional items of cost is entitled to an appraisal fee of $2,500.

The Court further finds that the fair market value of the property is $120,000.00.

The Court further finds that Defendants Joseph Rose and Patricia Rose are not in the military service of the United States. Whereupon it is adjudged that unless Defendants Joseph Rose and Patricia Rose, on or before August 1, 2016, shall pay the Plaintiff the sums set forth above with interest to date of redemption and costs as aforesaid, the Defendants Joseph Rose and Patricia Rose, their successors and assigns, shall be forever barred and foreclosed of all equity to redeem the premises above-described.

And unless Defendant Portfolio Recovery Associates, LLC, on or before August 15, 2016, shall pay the Plaintiff the sums set forth above with interest to date of redemption and costs as aforesaid, then Defendant Portfolio Recovery Associates, LLC, its successors and assigns, shall be forever barred and foreclosed of all equity to redeem the premises above described.

And unless Defendant Midland Funding LLC, on or before August 22, 2016, shall pay the Plaintiff the sums set forth above with interest to date of redemption and costs as aforesaid, then Defendant Midland Funding LLC, its successors and assigns, shall be forever barred and foreclosed of all equity to redeem the premises above-described.

And unless Defendant County Refuse, Inc., on or before August 29, 2016, shall pay the Plaintiff the sums set forth above with interest to date of redemption and costs as aforesaid, then Defendant County Refuse, Inc., its successors and assigns, shall be forever barred and foreclosed of all equity to redeem the premises above-described.

And further, that upon payment of the aforesaid sums, inclusive of interest and costs, by any defendant, after all subsequent parties in interest have been foreclosed, the title of the premises shall vest absolutely in the defendant making such payment, subject to such unpaid encumbrances, if any, as precede the interest of the redeeming defendant.

And further, that the defendants, and all persons claiming possession of the premises through any of the defendants under any conveyance or instrument executed or recorded subsequent to the date of the recording of the *lis pendens* or whose interest shall have been thereafter obtained by descent or otherwise, deliver up possession of the premises to the Plaintiff or the defendant redeeming according to this decree, with stay of execution of ejectment in favor of the redeeming defendant until one day after the time herein limited to redeem, and if all parties fail to redeem, then until the day following the last assigned law day.

Dated the 2nd day of May 2016.

                                                      Vanessa L. Bryant
                                                    United States District Judge
                                                    District of Connecticut

SCHEDULE 1

All that certain piece or parcel of land located in the City of Bridgeport, County of Fairfield and State of Connecticut known as 676-678 Grand Street, further described as bounded:

| | |
|---|---|
| North: | On land formerly of Augusta Isaacs, 32 feet; |
| East: | On land formerly of Paolo Macciocca, et. al., 95 feet; |
| South: | On Grand Street, 32 feet; and |
| West: | On land now or formerly of Charles J. Hauz, 95 feet. |

Together with and subject to a common driveway located on the easterly 6.5 feet of the above described premises and the westerly two feet of the adjoining premises, together constituting a common driveway 8.5 feet in width and 75 feet in depth, as more particularly set forth in a right-of-way agreement between Paolo and Francesca Macciocca and Joseph and Angelina Deprofio dated May 3, 1928 and recorded May 7, 1928 in volume 590, page 130 of the Bridgeport Land Records.